UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOEY LITTLE,

    Plaintiff,

vs.

SERVICE FINANCE COMPANY, LLC,
a Limited Liability Company, and
MARK BERCH, an Individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, JOEY LITTLE, by and through her undersigned counsel, and sues the Defendants, SERVICE FINANCE COMPANY, LLC (hereinafter, referred to as "SERVICE FINANCE"), and MARK BERCH, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, MARK BERCH individually, acted directly in the interests of his employer, the Defendant, SERVICE FINANCE, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, SERVICE FINANCE.

7. Plaintiff began working for the Defendants in March 2019, as a Collector/Billing.

8. Plaintiff lodged numerous complaints with his supervisor, manager, and operations manager, as well as the Vice President of collections, regarding the company's illegal break time practices.

9. Specifically, the Defendants were docking Plaintiff thirty-minutes for lunch even if he took less than thirty minutes.

10. For months, Defendant, MARK BERCH, told Plaintiff that he would compensate

Plaintiff for the time he was illegally docked pay.

11.     In turn, Plaintiff advised that he was not concerned, because he would have no problem simply suing Defendants for these unlawfully withheld wages.

12.     In or about May and June 2019, Defendant, MARK BERCH paid some overtime to Plaintiff, without indicating what hours or time period it covered.

13.     Directly after Defendants made these payments, however, Defendant, MARK BERCH terminated Plaintiff's employment under a bogus pretext.

14.     There is no question that the Defendants retaliated against the Plaintiff for his complaints.

## COUNT I
## FLSA OVERTIME-SERVICE FINANCE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

15.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16.     By reason of the intentional, willful and unlawful acts of the Defendant, SERVICE FINANCE, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, SERVICE FINANCE, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA OVERTIME-BERCH

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

17. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

18. By reason of the intentional, willful and unlawful acts of the Defendant, MARK BERCH, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, MARK BERCH, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION-SERVICE FINANCE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

19. The Defendant, SERVICE FINANCE's termination of the Plaintiff was directly in retaliation for his complaints of FLSA violations.

20. The Defendant, SERVICE FINANCE's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, JOEY LITTLE, demands judgment against the Defendant, SERVICE FINANCE, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA RETALIATION-MARK BERCH

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

21. The Defendant, MARK BERCH's termination of the Plaintiff was directly in retaliation for his complaints of FLSA violations.

22. The Defendant, MARK BERCH's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, JOEY LITTLE, demands judgment against the Defendant, MARK BERCH, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JOEY LITTLE, demands trial by jury.

Dated: September 30, 2019.    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
F.B.N.: 333920